IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| JEROME COLLINS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) C.A. No. 25-588 (JLH) |
| | ) |
| CPL CLANCY, *et al.*, | ) |
| | ) |
| Defendants. | ) |

**MEMORANDUM ORDER**

I.  Introduction

Plaintiff Jerome Collins, who is in pre-trial detention at the Sussex Correctional Institution (SCI) in Georgetown, Delaware, initiated this civil action *pro se* and was granted leave to proceed *in forma pauperis*. (D.I. 1, 5.) The Court reviews and screens the complaint (D.I. 3) under 28 U.S.C. § 1915(e)(2)(b).

II.  Background

The complaint asserts claims under 42 U.S.C. § 1983. Plaintiff is in state pre-trial detention. (D.I. 3 at 1, 8, 10.) According to the complaint, a police officer involved in Plaintiff's arrest lied in a police report about the presence of a firearm near Plaintiff's shoe, and a Delaware Deputy Attorney General "allowed the case to go in front of a grand jury for indictment knowing that [the officer] falsified his report." (*Id.* at 5–7.) In his complaint, Plaintiff requests monetary relief and that his "criminal charges [be] drop[ped]." (*Id.* at 8.)

III.  Legal Standard

The Court shall dismiss a *pro se* complaint filed by an incarcerated plaintiff, or any plaintiff proceeding *in forma pauperis*, *sua sponte* upon a preliminary screening if the complaint is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary

relief from a defendant who is immune from such relief. *See* 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b).

IV.     <u>Discussion</u>

There is "a strong federal policy against federal-court interference with pending state judicial proceedings absent extraordinary circumstances," *Middlesex Cnty. Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 431 (1982), referred to as the *Younger* abstention doctrine, *see Younger v. Harris*, 401 U.S. 37 (1971). *Younger* abstention is appropriate when "(1) there are ongoing state proceedings that are judicial in nature; (2) the state proceedings implicate important state interests; and (3) the state proceedings afford an adequate opportunity to raise federal claims." *Schall v. Joyce*, 885 F.2d 101, 106 (3d Cir. 1989). In this case, Plaintiff is awaiting trial on Delaware criminal charges. Plaintiff's request for an injunction to stop his state prosecution would plainly interfere with the state criminal proceeding. And Plaintiff can raise his concerns regarding the evidence against him and the legality of his prosecution in the state criminal proceeding.

V.      <u>Conclusion</u>

Based on the above, IT IS HEREBY ORDERED that the Complaint (D.I. 3) is DISMISSED without prejudice under the *Younger* doctrine.

IT IS FURTHER ORDERED that Plaintiff's motion to obtain body camera footage (D.I. 8) is DENIED as moot.

IT IS FINALLY ORDERED that the Clerk of Court is directed to CLOSE this case.

                                                                                                         _____
                                                                                                          The Honorable Jennifer L. Hall
                                                                                                          United States District Judge